**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

April 3, 2013

LETTER TO COUNSEL:

      RE:    *Darrin Perry v. Commissioner, Social Security Administration*;
                Civil No. SAG-12-1478

Dear Counsel:

      On May 16, 2012, the Plaintiff, Darrin Perry, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (superseded by statute on other grounds). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

      Mr. Perry originally filed his claim on November 1, 2007, but amended his alleged onset date to October 1, 2008. (Tr. 63, 145). His claim was denied initially on January 15, 2008, and on reconsideration on May 21, 2008. (Tr. 66, 67-70, 73-74). Hearings were held on November 23, 2009 and April 12, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 27-62). Following the hearings, on June 10, 2010, the ALJ determined that Mr. Perry was not disabled during the relevant time frame. (Tr. 11-26). The Appeals Council denied Mr. Perry's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

      The ALJ found that Mr. Perry suffered from the severe impairment of an affective disorder. (Tr. 16). Despite this impairment, the ALJ determined that Mr. Perry retained the residual functional capacity ("RFC") to:

> perform the full range of heavy work as defined in 20 CFR 416.967(d), except the claimant is limited to unskilled work due to his affective disorder. In addition, the claimant can tolerate occasional contact and interaction with co-workers and the public.

(Tr. 19). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Perry could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 21-22).

      Mr. Perry presents five arguments on appeal: (1) that missing documentation in his file

*Darrin Perry v. Commissioner, Social Security Administration*
Civil No. SAG-12-1478
April 3, 2013
Page 2

warrants remand; (2) that the ALJ did not appropriately consider Listings 12.04(A) & (B); (3) that the ALJ erroneously disregarded the opinions of his treating physician, Dr. Davis; (4) that the RFC did not address his ability to perform all mental work-related functions; and (5) that the ALJ presented an improper hypothetical to the VE.  Each argument lacks merit.

First, Mr. Perry submits that remand is required because two documents, his application for benefits and his request for reconsideration, are missing from the record.  I disagree.  It is clear from the record that the Commissioner received Mr. Perry's application for benefits on November 1, 2007, and adjudicated that application in due course.  Moreover, it is equally clear from the fact that the Commissioner denied Mr. Perry's request for reconsideration that such document was also received.  (Tr. 73-74).  Mr. Perry has not cited any substantive information that could have been ascertained from those two documents that would be relevant to his appeal.  The Commissioner is not claiming any procedural error or default on the part of Mr. Perry.  Accordingly, I find no basis for remand.

Second, Mr. Perry submits that the ALJ failed to consider appropriately Listing 12.04.  Specifically, Mr. Perry contends that the record supports that he suffers from fatigue, low energy, difficulties with attention and concentration, insomnia, reduced appetite, and hallucinations, and that evidence establishes the criteria required by 12.04(A).  Pl. Mot. 19.  Mr. Perry further contends that the opinion of Dr. Davis establishes that he meets the criteria of 12.04(B).  *Id* at 20.  For the reasons described below, the ALJ appropriately rejected Dr. Davis's opinion.  Moreover, the ALJ expressly addressed the requirements of Listing 12.04.  Because the Listing requires that both subsections (A) and (B) be met, the ALJ did not have to expressly discuss subsection (A) once he found that subsection (B) was not established.  The ALJ's analysis in the step three section of the opinion certainly could have been more detailed.  However, the ALJ's analysis throughout the opinion sufficed to establish that Mr. Perry did not have marked limitations in at least two functional areas, as required to meet subsection (B).   The ALJ therefore did not err in finding that Mr. Perry did not meet or equal Listing 12.04.

Mr. Perry's third argument, regarding the assignment of weight to the opinion of his treating physician, Dr. Davis, is also deficient.   A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  In this case, the ALJ specifically addressed Dr. Davis's opinions.  (Tr. 20-21).  First, the ALJ noted that Dr. Davis provided inconsistent opinions less than three months apart.  (Tr. 20-21).  In addition, the ALJ noted that Dr. Davis's opinions, depicting marked limitations, were entirely inconsistent with Dr. Davis's own treatment notes showing no acute distress and a normal mental examination.  (Tr. 20,297-300, 302, 305).  I am readily able to discern, from the ALJ's analysis, the reasons he chose to reject Dr. Davis's opinions.  I find the ALJ's assignment of weight to be supported by substantial evidence.

Mr. Perry's fourth argument is that the ALJ's determination of his mental RFC was not adequate, because he failed to address each of the mental requirements of work.  However, Mr. Perry appears to rest his argument on the contents of the bold-faced RFC heading in the ALJ's

*Darrin Perry v. Commissioner, Social Security Administration*
Civil No. SAG-12-1478
April 3, 2013
Page 3

opinion. (Tr. 19). Although the heading does not expressly address each requirement, throughout the opinion, the ALJ provides a thorough analysis of each work-related mental function. (Tr. 18-21). For example, while the heading does not expressly mention Mr. Perry's ability to "respond appropriately to supervision, co-workers and work situations," the ALJ noted that he accounted for Mr. Perry's problems interacting with others "by limited him to occasional interaction with co-workers and the public." (Tr. 18). In addition, the ALJ stated that he addressed Mr. Perry's moderate difficulties with "concentration, persistence or pace" by "limiting him to unskilled work activities." *Id.* The discussion elsewhere in the opinion suffices to provide the required analysis. Moreover, the ALJ noted that Dr. Davis's notes showed an entirely normal mental examination. (Tr. 20). In this case, the analysis provided by the ALJ provides ample substantial evidence to support his RFC.

Fifth, Mr. Perry argues that the ALJ presented an improper hypothetical to the VE. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98–1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect a claimant's limitations. *See Copeland v. Bowen*, 861 F.2d 536, 540–41 (9th Cir. 1988). As set forth above, substantial evidence supported the ALJ's assessment of Mr. Perry's mental RFC. As a result, his hypothetical question to the VE, which accurately incorporated the RFC assessment he made, was permissible without including any additional limitations that the ALJ did not deem valid. Mr. Perry also contends that the hypothetical to the VE did not incorporate his physical limitations, which he contends were established by the report of SSA's examining orthopedist and the non-examining state agency physicians. Pl. Mot. 23-24. The limitations described in those reports would not have established disability. (Tr. 217, 223, 238). At best, they would have warranted a finding that Mr. Perry could only perform "medium" or "light" work. However, in addition to "heavy" jobs, the VE testified, and the ALJ found, that a person with Mr. Perry's RFC would be capable of various medium and light positions. (Tr. 53-54, 22). Therefore, any error in failing to cite the physical limitations in the hypothetical would be harmless and would not warrant remand.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No.14) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 16) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge